Willard Richard Stroud Jr.
5859 Skyline Drive
San Diego, CA, 92114
619-300-3440
Email: willard163@yahoo.com

Willard Richard Stroud Jr., IN PRO SE

**FILED**

Sep 16 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ armincortez          DEPUTY

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Willard Richard Stroud Jr.
                    Plaintiff(s),

     vs.

City of San Diego, San Diego Police Chief
Scott Wahl, Officer McNett, and Does 1-25
                    Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: **'24CV1652 BEN MSB**
**COMPLAINT FOR DAMAGES
PURSUANT TO 42 U.S.C. §1983**

DEMAND FOR JURY TRIAL

### Jurisdiction

I.    This court has jurisdiction 28 U.S.C. §1331. Federal question jurisdiction arises pursuant

42 U.S. C. §1983.

### Venue

II.    Venue is proper pursuant to 28 U.S.C. §1391 because the defendants are the City of San

Diego government officials and employee, and plaintiff lives in this district.

### Parties

- 1 -

Civil Rights Claim (e.g. COMPLAINT FOR DAMAGES)

III.   Plaintiff, Willard Richard Stroud Jr. resides at 5859 Skyline Drive San Diego, CA 92114.

IV.   Defendants are the City of San Diego, San Diego Police Chief Scott Wahl, San Diego Police Officer McNett, and does 1-25 currently employed with the City of San Diego, San Diego Police Department 1401 Broadway, San Diego, CA 92101

## STATEMENT OF CLAIM

V.

On September 16. 2022, Mr. Willard Richard Stroud Jr. was walking on College   Ave and Montezuma Street when he was approached, stopped, and questioned by Officer McNett and two unnamed officers at roughly 12:30am.  Mr. Stroud asked the officers why they were stopping him and officer McNett informed Mr. Stroud that he received information that Mr. Stroud was using his cell phone camera to film underneath the skirts/dresses of females in the general vicinity.  Officer McNett told Mr. Stroud that he fit the description of the individual that was supposedly film under the clothing of females in that area.

Mr. Stroud informed Officer McNett that he was not filming under anyone's clothing and wherever his information came for was incorrect and he was innocent of the offense that the San Diego Police were accusing him of.  Officer McNett told Mr. Stroud that he had to open his cell phone up and prove that there was not evidence on the cell phone depicting videos of Mr. Stroud filming under the clothing of females.  Mr. Stroud reiterated that he *did not* and *had not* filmed under anyone's clothing and Plaintiff was not going to consent to allowing the police to open his cell phone after Officer McNett informed Mr. Stroud that if he did not open the cell phone and allow the officers to view the content therein, he was going to jail.

Mr. Stroud answered by notifying Officer McNett and his cohorts that he has constitutional rights and he was not going to forfeit those rights based upon the lack of valid evidence or extremely limited evidence; and unconstitutional demands that were

- 2 -

being made by Officer McNett. Mr. Stroud had been placed int handcuffs from the outset of the encounter and was experiencing some nervousness and anxiety because he felt he would be arrested for no legitimate or legal reason. Mr. Stroud continued to plead his case there on the street corner that he had not committed any crime and wanted to be able to go on about his business and not be threatened with being arrested and taken to jail. Officer McNett told Mr. Stroud again that if he did not open the cell phone he would be going to jail. Officer McNett, told Mr. Stroud that he had two options; open that cell phone and prove his innocence or go to jail. Mr. Stroud told the officers that he was in the process of moving and working and could not afford to go to jail and loose his employment and possessions that were in his apartment that he had to leave due to the COVID-19 pandemic.

After repeated threats and demands from Officer McNett for Mr. Stroud to open the cell if he was truly innocent and had nothing to hide; Mr. Stroud felt that he had no other choice but to prove his innocence right there on the street corner. Thus, Mr. Stroud complied with the threats and demands of Officer McNett and his fellow officers and unlocked his cell phone and showed them that there was no illegal material on his cell phone. The Officers thumbed through Mr. Stroud's photos and videos and found nothing related to illegally filming up anyone's clothing and apologized and allowed Mr. Stroud to resume his life. Mr. Stroud felt violated and he did not under-stand how and why the San Diego Police could blatantly violate his First, Fourth, Fifth, and Fourteenth Amendments without *probable cause*.

There was no consent given by Mr. Stroud for the police to access his personal data on his cell phone and Mr. Stroud notified the officers multiple times that he was not willing to forfeit his Constitutional Rights to freedom of speech, search and seizure, and self-incrimination however the San Diego Police Officers violated those rights without regard to Mr. Stroud's repeated unwillingness to do so. The threats and coercions and the fear of going to jail and being accused of a crime that he had not committed were defiantly the major reasons that Mr. Stroud eventually gave in and allowed the San Diego Police

- 3 -

Civil Rights Claim (e.g. COMPLAINT FOR DAMAGES)

Department Officers to access his phone and eventually validate the fact that he had not been filming under anyone's clothing as stated by Officer McNett and his cohorts on September 16. 2022.  Mr. Stroud told the police many times that he was not guilty, and wherever they got their information from it was inaccurate and untrue and needed to be second guessed because there was absolutely no evidence that a crime had been committed by Mr. Stroud.

The police had the option to impound the cell phone and obtain a warrant to search the phone or arrest Mr. Stroud and confiscate the cell phone and search it pending a warrant or court order yet Officer McNett took the law into his own hands and became the judge, jury, and executioner right there on the corner of College Ave and Montezuma Street.  Mr. Stroud followed up with the staff at the Eastern Division Police Station and he was informed that its not heir policy to force people to open their cell phones without a warrant and Mr. Stroud was curious as to why Officer McNett and his peers would violate their own department guidelines and literally force Mr. Stroud to open his cell phone with a warrant.

The officers in question did apologize for their behavior after they found no evidence on the cell phone of Mr. Stroud filming under women's clothing however the damage was done and there was no way to undo what had happened accept for filing a civil rights violation against the defendants in federal court.

In the end, Mr. Stroud filed a complaint with the San Diego Police Department Internal Affairs and he is pending the determination of the internal investigation regarding this incident.

## Synopsis

VI.

A.  **Civil Rights Violations**

    1.  First Amendment

    2.  Fourth Amendment

    3.  Fifth Amendment

- 4 -

4.  Fourteenth Amendment

B.  **Searched Plaintiff's cell phone without a warrant**

1. Officer McNett and his cohorts searched plaintiff's cell phone after plaintiff repeatedly stated that he did not consent to the police searching his cell phone.

VII.  **Relief Requested**

1.  Plaintiff respectfully request the court to hold defendants responsible for any and all damages incurred by Plaintiff during the violation of his Civil and Constitutionally protected rights.

2.  Order defendants to produce all documents, video(s) and witnesses related to current claim.

3.  Hold defendants legally and financially liable for their misconduct and violations of plaintiff's rights.

- **General damages:** to compensate plaintiff for pain and suffering, mental anguish, and loss of enjoyment of life.
- **Special damages** to compensate plaintiff for police falsely accusing him of committing a crime without probable cause and/or searching him without a warrant
- **Punitive damages** to punish government officials who act with malice or reckless indifference to federally protected rights

VII.  **Demand for Jury Trial**

A.  Plaintiff is requesting a trial by jury pursuant to FRCP.  Rule 38

- 5 -

Civil Rights Claim (e.g. COMPLAINT FOR DAMAGES)

DATED: September 16, 2024

In Pro Se

Civil Rights Claim (e.g. COMPLAINT FOR DAMAGES)