# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLARD RICHARD STROUD JR.,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN DIEGO, SAN DIEGO POLICE CHIEF SCOTT WAHL, OFFICER MCNETT, and DOES 1-25,<br><br>Defendants. | Case No.: 24cv1652 DMS (MSB)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

Plaintiff Willard Richard Stroud Jr., a nonprisoner proceeding pro se, has filed a Complaint alleging a violation of his federal constitutional rights. Plaintiff did not pay the $405 civil filing fee required to commence this action, but rather, filed a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).

**Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). This Court

finds Plaintiff's affidavit of assets is sufficient to show he is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2(d). Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court, if it finds the Complaint is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Here, the Court has conducted its initial review of Plaintiff's Complaint, and finds it sufficient to survive the screening provisions of § 1915(e)(2). Accordingly:

1. The United States Marshal shall serve a copy of the Complaint, summons and this Order upon Defendants as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendant or counsel for Defendant and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED**.

Dated: February 27, 2025

Hon. Dana M. Sabraw
United States District Judge